CAUSE NO.  202118870

RECEIPT NO.  894813                     75.00        CTM
        **********                 TR # 73856124

PLAINTIFF: HERNANDEZ, JULIAN (INDIVIDUALLY AND AS NEXT FRIEND      In The    125th
OF J H A MINOR                                                     Judicial District Court
             vs.                                                  of Harris County, Texas
DEFENDANT: WALGREENS CO                                            125TH DISTRICT COURT
                                                                  Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: WALGREENS CO (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED THROUGH
    THEIR REGISTERED AGENT PRENTICE HALL CORPORATION

    211  E 7TH STREET SUITE 620   AUSTIN  TX  78701

    Attached is a copy of PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 31st day of March, 2021, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.
TO OFFICER SERVING:
     This citation was issued on 31st day of March, 2021, under my hand and
seal of said Court.



Issued at request of:                       MARILYN BURGESS, District Clerk
SCOTT, BLAKE ASHTON                         Harris County, Texas
4423  SOUTHWEST 45TH AVENUE                 201 Caroline, Houston, Texas 77002
AMARILLO, TX  79109                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (806) 242-3333
Bar No.:  24108307                          Generated By: THAYER, CECILIA  MUK//11717082

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____          ADDRESS _____

_____          Service was executed in accordance with Rule 106
(a)ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                            return receipt incorporated herein and attached
                                            hereto at
_____
                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____

                                           This citation was not executed for the following
                                           reason: _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

N.INT.CITM.P                    *73856124*

3/31/2021 9:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51997823
By: Cecilia Thayer
Filed: 3/31/2021 9:14 AM

# 2021-18870 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| JULIAN HERNANDEZ, | § | IN THE DISTRICT COURT |
| Individually, and as Next Friend | § | |
| of J.H., a minor child | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| WALGREEN CO., WALGREEN | § | |
| NATIONAL CORPORATION and | § | |
| AMARILLO RX, LLC | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Julian Hernandez (hereinafter "Plaintiff Hernandez"), individually and as Next Friend of J.H. (hereinafter "Plaintiff J.H."), a minor child, collectively "Plaintiffs", hereby file this Original Petition complaining of Walgreens Co., (hereinafter "Defendant Walgreen"), Walgreen National Corporation (hereinafter "Defendant National"), and Amarillo Rx, LLC (hereinafter "Defendant RX"), collectively "Defendants", and for cause of action would respectfully show the Court and jury the following:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 3. Tex. R. Civ. P. 190.4.

### II.
### TEXAS RULE OF CIVIL PROCEDURE 47

2.      Plaintiff seeks damages that are within the jurisdictional limits of the Court. Tex. R. Civ. P. 47(b).

---

3.      Plaintiff seeks monetary relief over $1,000,000.00. Tex. R. Civ. P. 47(c)(4).

### III.
### TRCP 193.7 NOTICE

4.      Pursuant to Texas Rules of Civil Procedure 193.7, Defendants are hereby given notice that Plaintiff intends to use documents produced by each defendant in response to written discovery at any pretrial proceeding or trial.

### IV.
### PARTIES

5.      Plaintiff Julian Hernandez is an individual residing in Potter County, Texas. The last three digits of his Texas driver's license are 464 and the last three digits of his social security number are 115.

6.      Plaintiff J.H. is a minor child residing in Potter County, Texas.

7.      Defendant Walgreen is a foreign for-profit corporation and can be served with process through their registered agent Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Defendant National is a foreign for-profit corporation and can be served with process through their registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

9.      Defendant Rx is a foreign limited liability company and can be served with process through its registered agent, Incorp Services, Inc. at 815 Brazos Street Suite 500, Austin, Texas, 78701.

10.     Plaintiff specifically invokes the right to institute this suit against each Defendants in any other name that has been used to designate Defendants, or which Defendants have used at any time. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of the Defendants substituted at a later time upon the motion of any party or

of the Court. In the event any parties are misnamed or not included herein, such event was a misnomer.

## V.
## JURISDICTION AND VENUE

11.     The amount in controversy in this case is within the jurisdictional limits of this Court.

12.     Walgreens Co. maintains a principal office in Harris County, Texas. Venue is proper in Harris County pursuant Texas Civil Practice and Remedies Code Section 15.002(a)(3).

13.     **DEFENDANT WALGREEN CO.** The court has personal jurisdiction over Defendant Walgreen, a nonresident, because Defendant Walgreen purposefully availed itself of the privileges and benefits of conducting business in Texas by performing services in Texas. Further, Defendant Walgreen committed a tort, which is the subject of this suit, in whole or in part in Texas. Specifically, on August 22, 2019, an automatic door on Defendant Walgreen's premises closed on Plaintiff J.H. resulting in severe injuries. TEX. CIV. PRAC. & REM. CODE § 17.042.

14.     **DEFENDANT WALGREEN NATIONAL CORPORATION.** The court has personal jurisdiction over Defendant National, a nonresident, because Defendant National purposefully availed itself of the privileges and benefits of conducting business in Texas by performing services in Texas. Further, Defendant National committed a tort, which is the subject of this suit, in whole or in part in Texas. Specifically, on August 22, 2019, an automatic door on Defendant National's premises closed on Plaintiff J.H. resulting in severe injuries. TEX. CIV. PRAC. & REM. CODE § 17.042.

15.     **DEFENDANT AMARILLO RX, LLC.** The court has personal jurisdiction over Defendant Rx, a nonresident, because Defendant Rx purposefully availed itself of the privileges and benefits of conducting business in Texas by performing services in Texas. Further, Defendant Rx committed a tort, which is the subject of this suit, in whole or in part in Texas. Specifically, on

August 22, 2019, an automatic door on Defendant Rx's premises closed on Plaintiff J.H. resulting in severe injuries. TEX. CIV. PRAC. & REM. CODE § 17.042.

## VI.
## BACKGROUND FACTS

16.     The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of a dangerous condition on the property of Defendants. On August 22, 2019, Plaintiff J.H. was walking into the Walgreens located at 1600 South Western St. in Amarillo, Texas. As Plaintiff J.H. entered the premises, the automatic sliding door, suddenly and without warning, closed and pinned her between the sliding door and doorframe. Plaintiff J.H. was pinned in the doorframe until multiple bystanders were required to forcibly pry the door open in order to free her. Defendants' employees and/or agents failed to assist Plaintiff J.H. as she suffered excruciating pain while trapped in the doorframe, thus causing further injury to Plaintiff. Further, Defendants and their agents and/or employees failed to ensure the premises was safe for Plaintiff or to warn Plaintiff of dangers known by the Defendants.

17.     As a result of these dangerous conditions, which were known by Defendants, Plaintiff J.H. was crushed by the automatic sliding door and sustained severe personal injuries.

## VII.
## RESPONDEAT SUPERIOR

18.     Defendants' employees and/or agents failed to place a warning sign and/or repair the faulty and dangerous automatic door.

19.     The negligent conduct of Defendants' employee, or employees, was performed while in the employment of Defendants and was within the scope of that employment or within the authority delegated to the employees. Defendants' employees had a duty to exercise ordinary care

to avoid injuring Plaintiff. Defendants' employees breached this duty when they negligently failed to place a warning sign and/or repair the broken sliding door.

20.    Defendants' employees were agents of each Defendant and were acting in the furtherance of Defendants' business when the above-described negligence occurred. The employees had apparent and actual authority and therefore Defendants are vicariously liable for the negligent acts of their employees and liable for the damages proximately caused by that negligence.

21.    If Defendants did not employ the employees, the employees were acting under the direction and control of Defendants at the time of the incident in question.

### VIII.
### NEGLIGENCE

22.    Defendants had a duty not to harm Plaintiff, an invitee. Defendants breached this duty in the following particulars:

   a.  Failing to use ordinary care to make safe or warn about any concealed or unreasonably dangerous conditions that the landowner was aware of, or reasonably should have been aware of, and the invitee was not; and

   b.  Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

   c.  Failing to provide, implement, or have proper safety procedures in place regarding faulty equipment on the premises;

   d.  Failing to provide, implement, or have proper safety procedures in place for assisting customers injured by faulty equipment on the premises; and

   e.  Failing to block off or have signs in place to prevent customers from using the broken and dangerous automatic door.

23.    The incident described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Defendants.

## IX.
## PREMISES LIABILITY

24. **INVITEE.** Defendants were the owners and in possession of the premises on which the incident described above occurred. Defendants own the premises located at 1600 South Western Street, Amarillo Texas.

25. Plaintiff J.H. was an invitee of Defendants' and entered the premises in response to Defendants' invitation and for their mutual benefit. Plaintiff J.H. entered the premises with her Grandmother as a customer and for the purpose of doing business.

26. A condition on Defendants' premises posed an unreasonable risk of harm. The automatic sliding door on Defendants' premises, which Plaintiff J.H. had access to, was dangerously faulty. When Plaintiff J.H. walked through the automatic sliding door, the door malfunctioned, pinning her between the door frame and automatic door.

27. Defendants knew or reasonably should have known of the dangerous condition present on their premises. Specifically, Defendants knew or reasonably should have known that the automatic sliding door was in disrepair and posed a risk to anyone who utilized the door.

28. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff J.H. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to warn Plaintiff J.H. of the dangerous conditions presented by the automatic sliding door or to fix the dangerous conditions presented by the malfunctioning door.

29. Additionally, Defendants had a duty to perform a reasonable inspection of the premises. A reasonable inspection would have led Defendants to discover the dangerous condition of the malfunctioning door.

30.    Defendants failed to perform a reasonable inspection of their premises to discover the dangerous condition. Defendants breached the duty of ordinary care by failing to inspect the door to ensure that the door did not pose a hazard to others.

31.    Defendants' breach of duty proximately caused injury to Plaintiff J.H.

32.    **LICENSEE.** In the alternative, Plaintiff J.H. was a licensee on Defendants' premises and entered the premises with Defendants' knowledge and consent. Plaintiff J.H. was unaware of the dangerous condition present on the premises.

33.    A condition on Defendants' property posed an unreasonable risk of harm. The faulty automatic door posed a risk of severe injury. Defendants had knowledge of the danger the malfunctioning door posed. Defendants breached the duty of ordinary care by failing to warn Plaintiff J.H. of the dangerous conditions presented by the faulty door and by failing to cure the dangerous conditions presented by the door on their premises.

34.    Defendants' breach of duty proximately caused injury to Plaintiff J.H.

## X.
## DAMAGES

35.    Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth and stated herein.

36.    As a result of Defendants' negligence, Plaintiff J.H. suffered severe injuries to her chest, neck, abdomen, back and body generally. The injuries were so severe to her neck and back that Plaintiff J.H. required surgery which led to cerebral spinal fluid leaking from her surgical site and infection.

37.    Some of these injuries and ill effects will be permanent and abide with Plaintiff J.H. for her entire life.  The specific injuries and their ill effects have, in turn, caused Plaintiff J.H.'s physical and mental condition to deteriorate generally, so that the specific injuries and ill effects

alleged have caused and will, in all reasonable probability, cause Plaintiff J.H. to suffer the consequences and ill effects of this deterioration throughout her body for the rest of her natural life.

38.     As a further result of the nature and consequences of the injuries, Plaintiff J.H. suffered physical pain and suffering, and mental anguish, and in all reasonable probability, she will continue to suffer physical pain and mental anguish for a long time into the future.

39.     By reason of all of the above, Plaintiff J.H. suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of the Court for which they sue.

40.     As a further result of all of the above, Plaintiff Hernandez incurred expenses for J.H.'s medical care. Such expenses were incurred for necessary care and treatment of the injuries resulting from the incident subject to this lawsuit. Plaintiffs seek recovery for all past medical expenses.

41.     As a further result of the injuries sustained by Plaintiff J.H., there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention. Plaintiffs seek recovery for all related future medical expenses in an amount in excess of the minimum jurisdictional limits of the court.

42.     As a direct and proximate cause of Defendants' above-described acts and/or omissions, Plaintiff J.H. has suffered severe physical injuries. Plaintiffs seek recovery for damages including, but not limited to, the following:

> a.   Physical pain and suffering sustained in the past;
>
> b.   Physical pain and suffering, that in reasonable probability, Plaintiff will sustain in the future;
>
> c.   Physical impairment sustained in the past;
>
> d.   Physical impairment that, in reasonable probability, Plaintiff will sustain in

the future;

    e.  Mental anguish sustained in the past;

    f.  Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    g.  Loss of enjoyment of life in the past;

    h.  Loss of enjoyment of life that, in reasonable probability, Plaintiff will incur in the future;

    i.  Loss of earning capacity that, in reasonable probability, will be sustained in the future;

    j.  Disfigurement;

    k.  Medical care expenses that, in reasonable probability, J.H. will incur in the future;

    l.  Exemplary damages.

43.    As J.H.'s parent, Plaintiff Hernandez seeks recovery for the following damages:

    a.  Loss of household services sustained in the past; and

    b.  Loss of household services that, in reasonable probability, he will sustain in the future;

    c.  Medical care expenses incurred in the past on behalf of J.H.'s medical treatment; and,

    d.  Medical care expenses that, in reasonable probability, will be incurred in the future for J.H. until she reaches the age of majority.

## XI.
## CONDITIONS PRECEDENT

44.    All conditions precedent to Plaintiffs claims for relief have been performed or have occurred.

## XII.
## JURY DEMAND

45.    Plaintiffs request a trial by jury and tenders the appropriate fee with this petition.

## XIII.
## PRAYER

46.     WHEREFORE, Plaintiffs requests that Defendants be cited to appear and answer herein and that upon a final trial of this cause, Plaintiffs recover:

     a.  Judgment against Defendants, for actual damages in an amount in excess of the minimum jurisdictional limits of this Court, with prejudgment interest at the highest rate allowed by law;

     b.  Exemplary damages;

     c.  Interest after judgment at the highest rate allowed by law;

     d.  Costs of suit; and,

     e.  Such other and further relief to which Plaintiffs may be or become justly entitled.


Respectfully submitted,
**ATTORNEY DEAN BOYD, PLLC**


/s/ Blake Scott
Dean Boyd
State Bar No. 02766300
dean@deanboyd.com
Blake Scott
State Bar No. 24108307
blake@deanboyd.com
4423 Southwest 45th Avenue
Amarillo, Texas 79109
Telephone: (806) 242-3333
Facsimile: (806) 322-3167
ATTORNEYS FOR PLAINTIFF